Case number 14-3392, People v. Price. And please identify yourselves, and I know both of you know the usual pattern. Good morning, Your Honors. Joshua Bernstein for Jerome Price. And I don't think this one will probably be as exciting as the last one. Unless you want it that way, Your Honor. Well, you never know. Good morning, Your Honors. Assistant State Attorney Alan Spelberg on behalf of the people of the state of Illinois. Good morning. If I may, Your Honors, I'd like to reserve a couple of minutes for rebuttal, but it won't be 45, I promise. Okay. May it please the Court, as you've seen from the briefs, there are kind of two fundamental issues underlying our argument. And those issues are whether People v. House should apply in this case, and whether it should surely apply. Whether the Iowa Supreme Court's analysis in State v. Lyle should be adopted and used to invalidate mandatory minimum sentences for people like Mr. Price, 19-year-old. You realize that this panel has already addressed somewhat of a similar issue and did not change the position of the trial court, which says that basically they had to follow what you're arguing against. So I just wanted to alert you that we had had a similar case in the last six months or so. Be that as it may, Your Honor. And I'm not saying that it's right. I tend to say that the minimum, especially in a case like this, may not be a proper solution, but it still, at this point, is the law. And respectfully, Your Honor, I disagree with that position. I think the issue here was identified by the Iowa Supreme Court perfectly. And that issue is not necessarily the length of the sentence, but it's the deprivation of the court's ability to consider the youthful characteristics of it. But are you saying, here I'm saying in a part I agree with you and a part I disagree, he'd still be the minimum sentence that he could get? That's correct, Your Honor. So he did review the age and somewhat the kid's background and the fact that he had done other things since that event to try and redeem himself. That is true, Your Honor. However, the judge also noted that the mandatory minimum for armed violence had been increased from 6 to 15 years. And the way I read this record is that the judge was telegraphing that she would have entered a lower sentence if she had the ability to do so. She was constrained. And our argument is that what constrains her is unconstitutional, that the mandatory minimum is unconstitutional. As applied to this 19-year-old? Yes, Your Honor. Okay. Now, I'm not going to go all Justice Posner on you, but in looking online one can find that the frontal lobe of the brain does not fully develop until age 25. There's still youthful impulsivity. Where are we supposed to draw a line here? The line I'm asking you to draw here is for 19-year-old defendants who are sentenced under the armed violence statute. As much as... And it's an as-applied challenge, right? It's an as-applied challenge. Okay. What is it that we don't know about the defendant that should cause us to say that this 19-year-old who received the minimum, it was an invalid sentencing because it as-applied to him. What should we know that we don't know from the record below? Well, I think, Your Honor, because the procedures that have been developed in Illinois to address sentencing youths were not applied in this case, I can't say exactly what was missing, but if you look at Section 105, the new section that was added to the Unified Code of Corrections, it lists the factors that were brought out in Miller, Graham, and Roper and that have been developed, and that it instructs the court to explicitly analyze the sentence in those terms. The judge in this case certainly took into account the fact that Mr. Price is 19. She said the minimum is appropriate for someone your age. It will give you a chance to come out and be a productive member of society. Yes, it asserts 50 percent. Is that accurate? Yes, she's serving 50 percent, Your Honor. But nonetheless, if you accept the logic of House, as I strongly urge you to do, the point here is that the judge was constrained from going lower than 15 years, and we're not arguing that the sentence itself is incorrect as far as length. Maybe he would get 15 years. Maybe he would get 30 years. The point is how the sentence is arrived at, and that's really what motivates State v. Lyle. If you look closely at the Iowa Supreme Court's analysis, what they're really saying is there's a procedural aspect to this right, to their proportionate penalties clause, and that procedure determines whether the sentence is fair or not. And that's pretty much what Miller, Graham, and Roper said, not that a life sentence is unfair. We're not without sympathy. I mean, you're familiar with our People v. Gibson case. I know that Mr. Spellberg, he argued it. He had a 15-year-old who his brother pled guilty, and now he's got 20 years, and this kid goes to trial, 15 years old, automatically transferred to adult court, and gets the minimum that the court can give him for attempted murder. 6 to 30 gives him 6, but he has to give him a mandatory 25 for the gun. Then he's got to give him the same for being accountable for his brother, and you have a 15-year-old kid who's got a 62-year-old sentence equivalent of a life sentence. As applied to him, we said that's unconstitutional and violative of the proportionate penalty clause. I'm not without sympathy here, but it seems like you're a far piece away from Romer-Gibson. I understand what you're saying, Justice Labin, but if you look at what motivated the decision at Gibson, it's the lack of discretion on the judge's part. No question. And to us, if I may, Justice Paczynski, to us the issue is not the length of the sentence, but how it's arrived at, and that's the exact same deprivation of discretion. The judge did what he could in Gibson, and the judge did what she could here, and both of those sentences are unconstitutional. So you think there should be no mandatory sentencing in Illinois? None? For adults, any? This kid's an adult. I'm just trying to figure out, what is it that you just don't want to have happen? Mandatory sentences for only juveniles, which in Illinois in most cases is anybody under 18, although in some cases it's anybody under 21. But no mandatory minimums for anybody under 19. You want to stretch it to 19. Somebody else will come in and say, let's stretch it to 20. Somebody else will cite Justice Labin's research and say, oh, it should be 25. And pretty soon the legislature, which has the authority to create laws, then looks at us and says, well, where do you want it from us? We're trying to keep the streets safe. We're trying to make sure that people who shouldn't be out in society are not in society, and in order to show people that we're really serious about this, we're creating mandatory minimums. Do you want us to just say, no, no, you can't do that anymore? I think, Your Honor, the issue isn't mandatory minimums for everybody. I understand the legislature has the duty to enact legislation, but as you know from the decision in Gibson, you have the duty to determine whether a statute is constitutional or not. Yes, we do. And I'm asking that you rule that armed violence's mandatory minimum sentence is unconstitutional. As applied to this 19-year-old. Yes. He's going to serve seven and a half years instead of six, which it used to be. He's 19. He can serve in the military. He can get married. He can sign a contract. He can buy a car. He can buy a lottery ticket. He can vote. He can do a lot of adult things. He's 19. So when you weigh, okay, 18 for criminal purposes, 19 for criminal purposes, 18 for civil purposes, how do you balance that? I mean, this guy can go serve in the military. He can buy a house. He can buy a car. He can get married without parents' permission. He can do a lot of stuff. But, oh, he's too young to decide that he shouldn't be doing this behavior. Well, Your Honor, I mean, he can't drink alcohol. He can't get an FOID card without his parents' permission. And, you know, I don't think it's a matter of – Can you stop him from having a gun here? Yeah. Well, youthful indiscretion here. Yeah, right. How youthful is – what is youthful? Is it 25? Is it 19? Is it 18? Is it 16? I mean, I have a son. I get it. We're asking, in this case, Your Honor, for the armed violence mandatory minimum. As to 19-year-olds, it may be that there will come a day that it goes to 25. And, frankly, I think the research is incontrovertible. But that's not the issue I'm asking. That's not what I'm asking you for. I'm asking you to rule specifically in this case where the judge clearly indicated that she would have gone lower if she had the discretion to do that, and she didn't because she could not. Well, armed violence by a 19-year-old. It's a possessory crime, Your Honor. He had a gun and he had narcotics. The judge even made a finding on the record that there was no violence here, that even the fact that the police officer had to get stuck on the roof and rescued by the fire department doesn't make it violent. He ran away from the police. He had a gun. He had narcotics. He ran away from the police. And I don't believe the name armed violence really captures what happened here. It was a way, in a sense, to jack up the punishment to which he was subject. You think the state's attorney overcharged? Well, I think the state's attorney can charge as they wish. That's part of their duty. It's also my duty to challenge what he's convicted of. And what he's convicted of was armed violence. And I think the 15-year mandatory minimum as applied to a 19-year-old defendant is unconstitutional. So is it unconstitutional or are you really just looking for an amendment to say under this section where there was no violence there should have been another possible alternative sentence? Well, the, you know. I mean, I don't see how it comes out unconstitutional, but I can see saying it could or should be amended to have alternative sections therein with lesser sentencing. I think, in fact, the new legislation, the bill that just passed in the House, has some kind of a little bit of like a downward departure. But our point here is the judge is deprived of the tools that make the sentence constitutional. And those tools are set out in Miller, Graham, and Roper. I mean, obviously, you can accept or not accept that House is legitimate. You know, that's the threshold issue here because he's 19. But the fact is, if you accept that House is legitimate, then obviously you take the next step. And that next step is whether it is constitutional for a 19-year-old to be sentenced without the tools that have been adopted by the Illinois legislature for youths. And I believe that's section 105. So what you want us to do is define a 19-year-old as a youth? Clearly. I believe that's pretty much what House, if you boil House down to one sentence. What about a 20-year-old? I mean, who do you think it is that's running around with guns and drugs out there? It's not 45-year-olds. It's 16, 18, 20, 25-year-olds. Starting at 11. We see it every day. I promise you, Your Honor, if my next client is a 20-year-old charged with armed violence, I'll be here before you. Well, I like an honest man. And, you know, I don't think there's any judge that is crazy about the fact that lawmakers take away his or her discretion in sentencing. But that is what it is. I mean, that has been upheld for decades and decades and decades. And you're asking us to take a pretty big leap here, especially for somebody who's above the, quote, legal age. I understand and I'm sympathetic to what you're saying. I agree with that. We have to start somewhere. And unless Your Honors have any more questions, I think my point is clear. We're asking you to adopt House, and we're asking you to, after that, adopt the analysis in State v. Lyle. Thank you. Thank you. Thank you. Good morning again, Your Honor. Just briefly, if I could, one, clarify something for the record which I think is important. My reading of the trial judge's findings of sentencing was not that she was lamenting her inability to give a six-year sentence in this case. What she was saying was that in this case, based upon the facts of this case, the statutory minimum of 15 years, which had been raised from six to 15, was the appropriate sentence. So I believe there is a disagreement between the parties as to what the judge's feelings about the minimum sentence were, whether that was the appropriate sentence in this case. But regardless of that, one thing that counsel never once mentioned in this discussion before you was that the statute is presumed constitutional and must be upheld unless there was a demonstration, a clear demonstration of its unconstitutionality. And counsel can't do that. The case law from the Illinois Supreme Court for decades and decades, Your Honor, shows that mandatory minimums, as imposed by the legislature, are constitutional, that the Article I, Section 11 of our state constitution authorizes the legislature to set appropriate sentencing ranges for judges to impose and that the judges shall then consider the appropriate sentence within that range. And he offers nothing to say otherwise except for an Iowa Supreme Court decision interpreting the Iowa Constitution. As you well know, you are bound by the Illinois Supreme Court in its application of the Illinois Constitution. And the Iowa Supreme Court decision is based upon an entirely separate rule of law with a separate history and a separate background and has no bearing on this case. And that's what this Court in numerous decisions has held about the State v. Lyle decision. But even more importantly, taking a step back, the line that he's asking you to draw, he was honest, is the line he's asking you for today until tomorrow he comes in with a different defendant. And that's exactly the problem with the line drawing the defendant is asking for you. Because the line was drawn by the legislature, the official policymakers of the State of Illinois, who decided that the age of majority in Illinois is 18 and that at that age, the rights change. If you're under 18, you're subject to a different sentencing scheme. If you're over 18, you're subject to the sentencing scheme that applies to everyone over 18. And that's consistent with the Eighth Amendment, as the U.S. Supreme Court found that 18 was the cutoff age for the death penalty. So if an 18-year-old can receive the death penalty, certainly a 19-year-old can receive a 15-year minimum sentence for a nonviolence offense at a 50% service rate. But it's also consistent with the history of the Illinois Supreme Court and the Illinois Constitution regarding how we look at adult offenders as compared to juvenile offenders. 18 has been the age which we have recognized. 18 is the age which establishes those rights and those duties and those obligations. And 18 is the age at which this defendant acquired all of the rights and obligations of being an adult and subject to the same limitations and same penalties that would apply to any other adult who committed these offenses. And so for that reason, we would ask this Court to reject the defendant's arguments and to affirm his conviction for nonviolence as well as his sentence of 15 years. If there's no questions, thank you. Thank you, Your Honors. Very briefly, the constitutionality of the sentencing age range has been changed. I'm sorry, has been overruled by the U.S. Supreme Court. And we once made 17-year-olds subject to adult sentencing. We no longer do that. To say that there's some frozen aspect to the age and that is what determines its constitutionality is simply not correct. As I said, 19, as the science shows, is just like an 18-year-old as far as brain development goes. And brain development is what the United States Supreme Court has determined is the factor to be considered when you're sentencing a youth. Unless you have any questions, thank you. Thank you. Thank you. Thank you both. You've made an enjoyable presentation and you leave us with a burden.